UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURT MARQUAIN LOCKETT,

     Plaintiff,

v.                                                     Case No. 3:19cv2897-RV-HTC

JUSTIN T. THOMPSON, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Curt Marquain Lockett initiated this action on July 30, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Doc. 1) and motion to proceed *in forma pauperis* (ECF Doc. 2). After reviewing Plaintiff's complaint and litigation history, the undersigned concludes this case should be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Santa Rosa Correctional Institution. His complaint alleges six (6) employees of Walton Correctional Institution harassed him, wrote him a false disciplinary report, denied him due process during the disciplinary proceedings and improperly placed him in confinement. ECF Doc. 1 at 8-15.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is a three-striker, as he has brought at least three (3) federal actions or appeals that were dismissed for failure to state a claim, as malicious or as frivolous.  *See Lockett v. Fla. Dep't of Corr.*, Case No. 3:18cv2205-RV-MJF, ECF

Doc. 18 (N.D. Fla. May 23, 2019) (dismissed for failure to state a claim); *Lockett v. Prey*, Case No. 5:17cv156-MCR-GRJ, ECF Doc. 9 (N.D. Fla. Aug. 11, 2017) (dismissed as malicious); *Lockett v. Doe*, Appeal No. 15-12580 (11th Cir. Apr. 27, 2016) (dismissed as frivolous).  These cases were identified by Plaintiff on the complaint form and bear his FDOC inmate number (W12073), and the qualifying dismissals were entered before Plaintiff filed this case.

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown, supra*.  Plaintiff's allegations do not make that showing. Accepting the allegations of Plaintiff's complaint as true, they fail to make a colorable showing that he is in imminent danger of serious physical injury because they concern events that happened at Walton Correctional Institution, a facility he is no longer confined at.  *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)]".).  Furthermore, Plaintiff seeks monetary damages, not injunctive relief.  Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this § 1983 action, this case should be dismissed under § 1915(g).

Accordingly, it is RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28

U.S.C. § 1915(g).

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of August, 2019.


                                */s/ Hope Thai Cannon*
                                **HOPE THAI CANNON**
                                **UNITED STATES MAGISTRATE JUDGE**




                            <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.